Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Crosby S. Connolly, (SBN: 286650)
crosby@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
(619) 233-7770
(619) 297-1022

Attorneys for Joshua Hall

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Joshua Hall,<br><br>                    Plaintiff,<br><br>v.<br><br>Receivables Performance<br>Management, LLC,<br><br>                    Defendant. | Case No: **'13CV0805 BEN RBB**<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.    The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

HYDE & SWIGART
San Diego, California

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Joshua Hall, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Receivables Performance Management, LLC, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

//

**HYDE & SWIGART**
San Diego, California

HYDE & SWIGART
San Diego, California

**JURISDICTION AND VENUE**

8.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9.   This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

10.  Because Defendant does business within the State of California, personal jurisdiction is established.

11.  Venue is proper pursuant to 28 U.S.C. § 1391.

12.  At all times relevant, Defendant conducted business within the State of California.

**PARTIES**

13.  Plaintiff is a natural person who resides in the City of San Diego, State of California.

14.  Defendant is located in the City of Lynnwood, in the State of Washington.

15.  Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

16.  Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

17.  Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

18. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

19. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

20. Sometime before January 29, 2013, Plaintiff is alleged to have incurred certain cell phone payment-related financial obligations.

21. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

22. Sometime thereafter, but before January 29, 2013, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

23. Subsequently, but before January 29, 2013, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

24. On or about January 29, 2013, Defendant emailed a dunning letter to Plaintiff. Shortly thereafter, Plaintiff received that email letter.

25. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

26. Defendant's January 29, 2013 email to Plaintiff stated, "For your convenience we are providing you access to confidential information relating to our account. Confidential email communications from us to you should not be read by any third party including children, parents, guests in your home, etc.

HYDE & SWIGART
San Diego, California

1    If you are not HALL, JOSHUA, please disregard this communication and

2    contact us at 866.212.7408 or use the Unsubscribe link below. If you are

3    HALL, JOSHUA, please proceed and follow the secure personal link below

4    to view your account details. JoshuaHall012844845.Rpmnotices.com."

5    27.   Defendants's January 29, 2013 email to Plaintiff did not contain a notice as

6          required under 15 U.S.C. § 1692e(11).

7    28.   Defendant failed to disclose in this initial written communication with the

8          consumer that Defendant was attempting to collect a debt and that any

9          information obtained would be used for that purpose, or failed to disclose in

10         subsequent communications that the communication from a debt collector.

11         Consequently, Defendant violated 15 U.S.C. § 1692e(11).

12   29.   Defendants's January 29, 2013 email to Plaintiff did not contain a validation

13         of debts, nor did Defendant send Plaintiff a written notice containing the

14         validation of debts within five days of Defendant's initial contact with

15         Plaintiff on January 29, 2013, as required under 15 U.S.C. § 1692g.

16   30.   Defendant failed within five days after its initial communication with

17         Plaintiff, to provide written notification containing a statement that unless

18         Plaintiff, within thirty days after receipt of that notice, disputed the validity of

19         the debt, or any portion thereof, Defendant would assume the debt was valid,

20         or failed within five days after its initial communication with Plaintiff to

21         provide a written notice containing a statement that if Plaintiff notified

22         Defendant in writing, within the thirty-day period that the debt, or any portion

23         thereof, was disputed, Defendant would obtain verification of the debt or a

24         copy of a judgment against Plaintiff and a copy of such verification or

25         judgment would be mailed to Plaintiff by Defendant and that Defendant

26         would provide Plaintiff with the name and address of the original creditor.

27         This omission by Defendant violated 15 U.S.C. § 1692g.

28

**HYDE & SWIGART**
San Diego, California

31. On or about February 22, 2013, Defendant again emailed a letter to Plaintiff. Shortly thereafter, Plaintiff received that letter.

32. Defendant's February 22, 2013, email to Plaintiff again stated, "For your convenience we are providing you access to confidential information relating to our account. Confidential email communications from us to you should not be read by any third party including children, parents, guests in your home, etc. If you are not HALL, JOSHUA, please disregard this communication and contact us at 866.212.7408 or use the Unsubscribe link below. If you are HALL, JOSHUA, please proceed and follow the secure personal link below to view your account details. JoshuaHall012844845.Rpmnotices.com."

33. Defendants's February 22, 2013 email to Plaintiff did not contain a notice as required under 15 U.S.C. § 1692e(11).

34. Defendant failed to disclose in this initial written communication with the consumer that Defendant was attempting to collect a debt and that any information obtained would be used for that purpose, or failed to disclose in subsequent communications that the communication from a debt collector. Consequently, Defendant violated 15 U.S.C. § 1692e(11).

35. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

//
//
//
//
//
//

HYDE & SWIGART
San Diego, California

1

**CAUSES OF ACTION**

2

**COUNT I**

3

**FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

4

**15 U.S.C. §§ 1692 ET SEQ.**

5    36.   Plaintiff repeats, re-alleges, and incorporates by reference, all other

6          paragraphs.

7    37.   The foregoing acts and omissions constitute numerous and multiple violations

8          of the FDCPA, including but not limited to each and every one of the above-

9          cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

10   38.   As a result of each and every violation of the FDCPA, Plaintiff is entitled to

11         any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in

12         an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

13         reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from

14         Defendant.

15

**COUNT II**

16

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)**

17

**CAL. CIV. CODE §§ 1788-1788.32**

18   39.   Plaintiff repeats, re-alleges, and incorporates by reference, all other

19         paragraphs.

20   40.   The foregoing acts and omissions constitute numerous and multiple violations

21         of the Rosenthal Act, including but not limited to each and every one of the

22         above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

23   41.   As a result of each and every violation of the Rosenthal Act, Plaintiff is

24         entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a);

25         statutory damages for a knowing or willful violation in the amount up to

26         $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's

27         fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

28

**HYDE & SWIGART**
San Diego, California

1 | **PRAYER FOR RELIEF**

2 WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and

3 Plaintiff be awarded damages from Defendant, as follows:

4 • An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §

5 1692k(a)(2)(A);

6 • An award of costs of litigation and reasonable attorney's fees, pursuant

7 to 15 U.S.C. § 1692k(a)(3);

8 • An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code

9 § 1788.30(b);

10 • An award of costs of litigation and reasonable attorney's fees, pursuant

11 to Cal. Civ. Code § 1788.30(c).

12 42. Pursuant to the seventh amendment to the Constitution of the United States of

13 America, Plaintiff is entitled to, and demands, a trial by jury.

14

15 Respectfully submitted,

16 **Hyde & Swigart**

17

18 Date: Cr tkri'6, 2013          By:s/ Crosby S. Connolly
                                    Crosby S. Connolly
19                                  Attorneys for Plaintiff

20

21

22

23

24

25

26

27

28

**HYDE & SWIGART**
San Diego, California