Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Crosby S. Connolly (SBN: 286650)
crosby@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone:   (619) 233-7770
Facsimile:    (619) 297-1022

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| Joshua Hall, on behalf of himself and all others similarly situated, | Case No: 3:13-cv-00805-BEN-RBB |
|---|---|
| Plaintiff, | Plaintiff Joshua Hall's Memorandum of Points and Authorities In Support Of Plaintiff's Motion To Compel Discovery Responses |
| v. | |
| Receivables Performance Management, LLC, | Date: January 13, 2014
Time: 10:00 AM
Location: Southern District of California, Courtroom 2C |
| Defendant. | Judge:  Hon. Ruben B. Brooks |

## I. INTRODUCTION

On October 8, 2013, Joshua Hall, ("Plaintiff"), served Receivables Performance Management, LLC, ("Defendant"), with his First Set of Request For Production of Documents (the "Document Requests") and his First Set of Request for Admissions (the "Admissions") and his First Set of Interrogatories (the "Interrogatories"). On November 8, 2013 Plaintiff received Defendant's responses, which contained blanket objections that were apparently cut and pasted which were inapplicable in an attempt to avoid providing adequate responses to the interrogatories and document requests which form the basis of this motion. Plaintiff sent a meet and confer letter to Defendant on November 26, 2013 addressing these issues. *See* Decl. of David McGlothlin ¶ 1.  Plaintiff's counsel then spoke to Defendant's counsel on several occasions. *See* Decl. of David McGlothlin ¶ 2  Defendant's counsel has indicated he is awaiting a response from his client, but Plaintiff's concerns were not addresses prior to Plaintiff's deadline to bring this motion to compel. *See* Decl. of David McGlothlin ¶ 3.  Plaintiff files this motion seeking an order compelling Defendant to respond to requests numbers 19, 20, 21 and 22 contained in his First Set of Interrogatories, and Document Requests 3 and 4 of Plaintiff's First Set of Requests for Production of Documents.

## II. PLAINTIFF'S DISCOVERY REQUESTS

On October 8, 2013, Joshua Hall, ("Plaintiff"), served Receivables Performance Management, LLC, ("Defendant"), with his First Set of Request For Production of Documents (the "Document Requests") and First Set of Request for Admissions (the "Admissions") and First Set of Interrogatories (the "Interrogatories"). Defendant has objected to, and refused to respond, primarily on the grounds of (1) a lack of time to complete it's investigation; (2) confidential proprietary documents, to four Interrogatory Requests (Request Nos. 19, 20, 21, 22 contacted in Plaintiff's First Set of Interrogatories) and two Document Requests (Request Nos. 3 and 4 of Plaintiff's First Set of Requests for Production of

Documents). Plaintiff's Interrogatories Numbers 19, 20, 21 and 22 and Request For Production of Documents Number 3 and 4, and Defendant's responses thereto, state as follows:

**Interrogatory Request No. 19:**

**Plaintiff's Request:** IDENTIFY the date, recipient, and content of occurrence during the preceding five years in which DEFENDANT reported credit data regarding Plaintiff. If DEFENDANT reported such data, state whether such reportings were made pursuant to an express or written authorization by DEFENDANT for the relevant consumer reporting agency to report that data.

**Defendant's Response:** Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the Complaint. This request also seeks premature disclosure of expert identification and testimony. Subject to, and without waiving, the foregoing objections, Responding Party responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), Responding Party refers to Defendant's document production.

**Interrogatory Request No. 20:**

**Plaintiff's Request:** IDENTIFY the original creditor of the alleged debt, account or property that YOU were trying to collect from PLAINTIFF and provide the original creditor's full legal name, address, city, state and zip code, and telephone number.

**Defendant's Response:** Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the Complaint. This request also seeks premature disclosure of expert identification and testimony. Subject to, and without waiving, the foregoing objections, Responding Party responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), Responding Party refers to Defendant's document production.

//
//

**Interrogatory Request No. 21:**

**Plaintiff's Request:** In the form of a chronology, IDENTIFY and describe in detail and with particularity, the process, events, and circumstances under which the account allegedly owed by PLAINTIFF was referred, placed or otherwise assigned to YOU for collection, repossession or locating PLAINTIFF, identifying all documents relevant to, related to, or reflecting such referral, placement or assignment.

**Defendant's Response:** Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the Complaint. This request also seeks premature disclosure of expert identification and testimony. Subject to, and without waiving, the foregoing objections, Responding Party responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), Responding Party refers to Defendant's document production.

**Interrogatory Request No. 22:**

**Plaintiff's Request:** IDENTIFY and describe each communication, or attempted communication, between YOU and PLAINTIFF, or any other person, which was made in connection with the INCIDENT by stating the following:

   a.   The name of the individual initiating communication;

   b.   The name of the person and/or description of the person to whom the communication was    directed;

   c.   The date and time of the communication;

   d.   The method of the communication (e.g. letter, phone call, in-person);

   e.   A detailed description of the substance of the communication, (do not simply refer to collection notes);

   f.   Identification of all witnesses to or participants in the communication; and,

   g. Any actions taken by YOU as a result of the communication.

**Defendant's Response:** Objection: Discovery has just begun in this matter and Responding Party has not completed its investigation into the matters alleged in the Complaint. This request also seeks premature disclosure of expert identification and testimony. Subject to, and without waiving, the foregoing objections, Responding Party responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), Responding Party refers to Defendant's document production.

**Request for Production of Documents No. 3:**

**Plaintiff's Request:** A copy of any and all insurance policies which might provide insurance coverage for Plaintiffs' claims alleged.

**Defendant's Response:** A copy will be made available for inspection and copying upon reasonable notice.

**Request for Production of Documents No. 4:**

**Plaintiff's Request:** Any and all documents summarizing, describing, instructing, detailing

or otherwise training any and all of DEFENDANT RECEIVABLES PERFORMANCE MANAGEMENT's employees in any and all of the following areas:

   a.   Collection policies;
   b.   Collection procedures;
   c.   Collection methods;
   d.   Collection techniques;
   e.   Collection tactics;
   f.   Collection rules;
   g.   Collection regulations; and
   h.   Compliance with local, state, or federal laws, codes, or regulations

//
//
//

**Defendant's Response:** Objection. This request calls for the production of confidential proprietary documents as well as Third Party documents, which will not be produced without a protective order. This request also calls for the production of documents protected by the attorney client and attorney work privileges. This request calls for the premature disclosure of expert witness information. Subject to, and without waiving these objections, Responding Party responds as follows: All responsive, non-privileged, documents will be produced.

## I.  ARGUMENT

Fed. R. Civ. P. 37(a)(1) permits a party to move for an order compelling discovery. Plaintiff has filed this Motion to Compel seeking an order compelling Defendants to respond to Document Requests 3 and 4 contained in Plaintiff's Document Requests, and Interrogatory numbers 19, 20, 21 and 22 contained in Plaintiff's First Set of Interrogatories.

Under Fed. R. Civ. P. 26, parties are permitted to obtain discovery regarding non-privileged matter that is relevant to any party's claim or defense. The rule further provides that relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). "Rule 26 is liberally interpreted to permit wide-ranging discovery of all information reasonable calculated to lead to discovery of admissible evidence....." and the question of relevance is to be more loosely construed at the discovery stage than at trial. See *Paulson v. Case Corp.*, 168 F.R.D. 285, 287-88 (C.D. Cal. 1996). In addition, Rule 26 "permits the discovery of information which may simply relate to credibility of a witness or other evidence in the case." *Id* at 287 (internal quotations omitted). In sum, "[a] request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of [the] action" and unless "it is clear that the information sought can have no possible bearing upon the subject matter of the action," the discovery sought should ordinarily be allowed. *Id*

at 288.

Although a party is permitted to object to document requests and interrogatories under Fed. R. Civ. P. 33 and 34, respectively, objections should be plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable. *See Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). The party resisting discovery "has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining and supporting its objections." See *O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 648 (C.D. Cal. 2007). Boilerplate objections fail to meet this burden. *See Id* at 649 (collecting cases on point); *See Also Frontier-Kemper Construction, Inc. v. Elk Run Coal Co.*, 246 F.R.D. 522, 528 (W.D. Va. 2007) (boilerplate objections to requests are widely rejected).

### A. DEFENDANT HAS MADE BOILERPLATE OBJECTIONS AND FAILS TO CLARIFY, EXPLAIN, AND SUPPORT THEIR OBJECTIONS TO PLAINTIFF'S INTERROGATORIES

Defendant has failed to meet it's burden of clarifying, explaining and supporting it's objections. Each of Defendant's responses to Plaintiff's Interrogatory Requests at issue in this Motion contain the same boilerplate language; namely, that Plaintiff's discovery requests (1) "seek premature disclosure of expert identification and testimony; and (2) that Defendant objects to Plaintiff's discovery requests on the grounds that "Discovery has just began in this matter and Responding Party has not completed its investigation into the matters alleged in the complaint."  Defendant has provided no explanation as to how these Interrogatories "seek premature disclosure of expert identification and testimony - especially under under Rule 26's liberal relevancy standard. Defendant also fails to explain how Plaintiffs requests are premature on the grounds that "Discovery has just began in this matter and Responding Party has not completed its investigation into the matters alleged in the complaint." Plaintiff's discovery requests are timely, and are

not requested in a premature fashion. Simply put, Defendant has failed to state their objections in a manner that permits this court (and Plaintiff) from understanding why the discovery requests are objectionable or how Plaintiff could remed the defense so as to render the requests unobjectionable. *See Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). Defendant's objections to Plaintiff's Interrogatories should be disregarded, and they should be compelled to answer Plaintiff's requests.

### B. DEFENDANT HAS MADE BOILERPLATE OBJECTIONS AND FAILS TO CLARIFY, EXPLAIN, AND SUPPORT THEIR OBJECTION TO PLAINTIFF'S DOCUMENT REQUESTS

Defendant has failed to meet it's burden of clarifying, explaining and supporting it's objections. Each of Defendant's responses to Plaintiff's Document Requests at issue in this Motion contain the same boilerplate language; namely, that Plaintiff's discovery requests (1) "will be made available for inspection and copying upon reasonable notice" and; (2) that Plaintiff's request "calls for the production of confidential proprietary documents as well as Third Party documents, which will not be produced without a protective order," and; (3) "this request calls for the premature disclosure of expert witness information." Plaintiff has requested that a copy of the insurance agreement simply be mailed or emailed to Plaintiff's counsel or a date and time be provided for a copy to be made, but to date Plaintiff has not received the insurance documents nor a date been provided to make a copy.

Further, Defendant also fails to explain how Plaintiffs Document Requests "calls for the production of confidential proprietary documents as well as Third Party documents, which will not be produced without a protective order." Lastly, Defendant has provided no explanation as to how these Document Requests "calls for the premature disclosure of expert witness information."

In order to address Defendant's "proprietary" concerns, Plaintiff has agreed to enter into a protective order and has even made revisions to a protective order

provided by Defendant, but Plaintiff has not received a response to their suggested changes to the proposed protective order. *See* Decl. of David McGlothlin ¶ 7.

    Plaintiff's Document Requests are timely, and are not requested in a premature fashion. Simply put, Defendant has failed to state their objections in a manner that permits this court (and Plaintiff) from understanding why the discovery requests are objectionable or how Plaintiff could remed the defense so as to render the requests unobjectionable. *See Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). Defendant's objections to Plaintiff's First Set of Request for Production of Documents should be disregarded, and they should be compelled to answer Plaintiff's requests.

## I. CONCLUSION

For the above stated reasons, Plaintiff's requests that Defendant be ordered to respond to requests numbers 19, 20, 21 and 22 contained in Plaintiff's First Set of Interrogatories, and request numbers 3 and 4 contained in Plaintiff's First Request for Production of Documents.


Respectfully submitted,

Date: December 5, 2013        **Hyde & Swigart**

                By: /s/ Crosby S. Connolly
                  Crosby S. Connolly
                  Attorneys for the Plaintiff