David J. McGlothlin, Esq. (SBN: 253265)
david@westcoastlitigation.com
Crosby S. Connolly, (SBN: 286650)
crosby@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone:   (619) 233-7770
Facsimile:   (619) 297-1022

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Joshua Hall, on behalf of himself and all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**Receivables Performance Management, LLC,**<br><br>Defendant. | Case No.: 3:13-cv-00805-BEN-RBB<br><br>**First Amended Complaint; Class Action Complaint For Damages**<br><br>**Jury Trial Demanded** |

**INTRODUCTION**

1. Joshua Hall ("Hall"), through Hall's attorneys, brings this class action to challenge the actions of Receivables Performance Management, LLC, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Hall, and this conduct caused Hall damages.

2. Hall brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant.

3. Hall makes these allegations on information and belief, with the exception of those allegations that pertain to Hall, or to Hall's counsel, which Hall alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

**VENUE**

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

9. Plaintiff is a natural person who resides in the City of San Diego, County of San Diego, State of California.

10. Because Plaintiff resides in San Diego County, as defined by 28 U.S.C. § 1391c(1), the judicial district in which this lawsuit is brought, venue is proper pursuant to 28 U.S.C. § 1391b(2).

11. At the time of the substantial part of the events or omissions giving rise to the claim occurred, Plaintiff was physically located in the City of San Diego, County of San Diego, State of California.

12. Because a substantial part of the events or omissions giving rise to the claim occurred in San Diego County, venue is proper pursuant to 28 U.S.C. § 1391b(2).

13. At all times relevant, Defendant conducted business within the State of California.

## PARTIES

14. Hall is a natural person who resides in the City of San Diego, County of San Diego, and the State of California.

15. Defendant is all located in the County of Lynnwood, in the State of Washington.

16. Hall is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

17. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

18. Hall is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Hall, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

19. Defendant, in the ordinary course of business, regularly, on behalf of itself, or others, engaged in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

20. In summary, and for clarification, Defendant is a debt collector under the FDCPA and California's Rosenthal Act.

## Factual Allegations

21. Sometime before January 29, 2013, Hall is alleged to have incurred certain T-Mobile cell phone payment-related financial obligations.

22. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

23. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

24. Sometime thereafter, but before January 29, 2013, Hall allegedly fell behind in the payments allegedly owed on the alleged debts. Hall currently takes no position as to the validity of these alleged debts.

25. Subsequently, but before January 29, 2013, the alleged debts were assigned, placed, or otherwise transferred to Defendant for collection.

26. On or about January 29, 2013, Defendant emailed a letter to Hall, attempting to collect upon an alleged debt. Shortly thereafter, Hall received that email correspondence. *See* Exhibit A.

27. This communication to Hall was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

28. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

29. Defendant's January 29, 2013 email to Hall stated, "For your convenience we are providing you access to confidential information relating to our account. Confidential email communications from us to you should not be read by any third party including children, parents, guests in your home, etc. If you are not HALL, JOSHUA, please disregard this communication and contact us at 866.212.7408 or use the Unsubscribe link below. If you are HALL, JOSHUA, please proceed and follow the secure personal link below to view your account details. JoshuaHall012844845.Rpmnotices.com."

30. Defendants's January 29, 2013 email to Hall did not contain a notice as required under 15 U.S.C. § 1692e(11).

31. Defendant failed to disclose in this initial written communication with the consumer that Defendant was attempting to collect a debt and that any information obtained would be used for that purpose, or failed to disclose in subsequent communications that the communication from a debt collector. Consequently, Defendant violated 15 U.S.C. § 1692e(11).

32. Defendants's January 29, 2013 email to Hall did not contain a validation of debts, nor did Defendant send Hall a written notice containing the validation of debts within five days of Defendant's initial contact with Hall on January 29, 2013, as required under 15 U.S.C. § 1692g.

33. Defendant failed within five days after its initial communication with Hall, to provide written notification containing a statement that unless Hall, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendant would assume the debt was valid, or failed within five days after its initial communication with Hall to provide a written notice containing a statement that if Hall notified Defendant in writing, within the

thirty-day period that the debt, or any portion thereof, was disputed, Defendant would obtain verification of the debt or a copy of a judgment against Hall and a copy of such verification or judgment would be mailed to Hall by Defendant and that Defendant would provide Hall with the name and address of the original creditor. This omission by Defendant violated 15 U.S.C. § 1692g.

34. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

35. Defendant also failed, in the first written notice initially addressed to Hall in connection with collecting the alleged debt, pursuant to Cal. Civ. Code § 1812.700, and in the manner prescribed by Cal. Civ. Code § 1812.700(b) and Cal. Civ. Code § 1812.701(b), to provide a notice to Hall as required by Cal. Civ. Code § 1812.700(b).  Consequently, pursuant to Cal. Civ. Code § 1812.702, this omission by Defendant violated California's Rosenthal Act.

36. On or about February 22, 2013, Defendant again emailed a letter to Hall. Shortly thereafter, Hall received that letter. *See also* Exhibit "A".

37. Defendant's February 22, 2013, email to Hall again stated, "For your convenience we are providing you access to confidential information relating to our account. Confidential email communications from us to you should not be read by any third party including children, parents, guests in your home, etc. If you are not HALL, JOSHUA, please disregard this communication and contact us at 866.212.7408 or use the Unsubscribe link below. If you are HALL, JOSHUA, please proceed and follow the secure personal link below to view your account details. JoshuaHall012844845.Rpmnotices.com."

38. Defendants's February 22, 2013 email to Hall did not contain a notice as required under 15 U.S.C. § 1692e(11).

39. Defendant failed to disclose in this initial written communication with the consumer that Defendant was attempting to collect a debt and that any information obtained would be used for that purpose, or failed to disclose in subsequent communications that the communication from a debt collector. Consequently, Defendant violated 15 U.S.C. § 1692e(11).

40. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

## CLASS ALLEGATIONS

41. Hall bring this action on his own behalf, and on behalf of all others similarly situated.

42. This action pleads the following class action allegations.

   A) Plaintiff defines the Class 1 as (i) all persons with mailing addresses within the state of California; (ii) who were sent an initial written email communication, as defined under Cal. Civ. Code §1812.700 (b), which was similar or identical to Plaintiff's Exhibit A; (iii) to recover a consumer debt; (iv) in which this initial communication, attempting to collect upon a debt, failed to provide the notice required by Cal. Civ. Code §1812.700; (v) which Defendant did not receive a notice that the email was returned as undeliverable. The class period is one year prior to the filing of the original Complaint.

   B) Hall defines Class 2 as (i) all persons with mailing addresses within California; (ii) who were sent any initial written email communication which was similar or identical to Hall's Exhibit A; (iii) to recover a consumer debt; (iv) in which this initial communication failed to provide the notice required by 15 U.S.C. § 1692g; (v) which Defendant did not receive a notice that the email was returned as

undeliverable. For purposes of the Second Claim for Relief, the FDCPA Claim, the class period is one year prior to the filing of the original complaint.

C) Hall defines Class 3 as (i) all persons with mailing addresses within California; (ii) who were sent any written email communication which was similar or identical to Hall's Exhibit A; (iii) to recover a consumer debt; (iv) in which this initial communication failed to provide the notice required by 15 U.S.C. § 1692e(11); (v) which Defendant did not receive a notice that the email was returned as undeliverable. For purposes of FDCPA Claim, the class period is one year prior to the filing of the original Complaint.

43. For the purposes hereinafter, Class 1, Class 2, and Class 3 are referred to jointly as "the Classes."

44. For purposes of the First Claim for Relief, the Rosenthal Act Claim, the class period is one year prior to the filing of the original Complaint.

45. For purposes of the Second Claim for Relief, the FDCPA Claim, the class period is one year prior to the filing of the original Complaint.

46. For purposes of the Third Claim for Relief, the FDCPA Claim, the class period is one year prior to the filing of the original Complaint.

47. The Classes are composed of thousands of persons, the joinder of which would be impractical. The individual identities of the individual members are ascertainable through Defendant's records or by public notice.

48. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Classes. The questions of law and fact common to the Classes predominate over questions affecting only individual class members, and include, but are not limited to, the following:

A) Whether Defendant violated the FDCPA;

B) Whether Defendants violated the Rosenthal Act;

  C) Whether members of the Classes are entitled to the remedies under the FDCPA;

  D) Whether members of the Classes are entitled to the remedies California's Rosenthal Act;

  E) Whether members of the Classes are entitled to declaratory relief;

  F) Whether members of the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA;

  G) Whether members of the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the California's Rosenthal Act ; and

  H) Whether the Classes are entitled to any other remedies.

9. Hall will fairly and adequately protect the interests of the Classes.

10. Hall has retained counsel experienced in handling class claims as well as claims involving unlawful collection practices.

11. Hall's claims are typical of the claims of the Classes, which all arise from the same operative facts involving unlawful collection practices.

12. A class action is a superior method for the fair and efficient adjudication of this controversy.

13. Class-wide damages are essential to induce Defendant to comply with Federal and State Law.

14. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual FDCPA action is $1,000.00, and an additional $1,000.00 under the Rosenthal Act.  Management of these claims are likely to present significantly fewer difficulties than those presented in many class claims, e.g. securities fraud.

15. Defendant has acted on grounds generally applicable to the class, thereby making appropriate final declaratory relief with respect to the class as a whole.

16. Hall requests certification of a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

17. Hall repeats, re-alleges, and incorporates by reference, all other paragraphs.

18. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA.

19. As a result of each and every violation of the FDCPA, Hall is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector pursuant to 15 U.S.C. § 1692k(a)(2)(B); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from defendant.

### COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

### CAL. CIV. CODE §§ 1788-1788.32

20. Hall repeats, re-alleges, and incorporates by reference, all other paragraphs.

21. The foregoing acts and omissions constitute numerous and multiple violations of California's Rosenthal Act, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code §§ 1788-1788.32.

22. As a result of each and every violation of the Rosenthal Act, Hall is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory

damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from defendant, and all remedies incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17.

### PRAYER FOR RELIEF

WHEREFORE, Hall prays that judgment be entered against Defendant, and Hall be awarded damages from Defendant, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) as to each Hall and putative class member, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector pursuant to 15 U.S.C. § 1692k(a)(2)(B);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b) as to each Hall and putative class member;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

23. Pursuant to the seventh amendment to the Constitution of the United States of America, Hall is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: January 8, 2014          By:   /s/David J. McGlothlin
                                     David J. McGlothlin
                                     Attorneys for the Hall