Sean P. Flynn, Esq. (SBN 220184)
*sflynn@foleymansfield.com*
M. Amadea Groseclose (SBN 267091)
*mgroseclose@foleymansfield.com*
**FOLEY & MANSFIELD, PLLP**
300 South Grand Avenue, Suite 2800
Los Angeles, CA  90071
Telephone:   (213) 283-2100
Facsimile:   (213) 283-2101

Attorneys for Defendant
**RECEIVABLES PERFORMANCE
MANAGEMENT, LLC**

## UNITED STATE DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA HALL, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>          vs.<br><br>RECEIVABLES PERFORMANCE MANAGEMENT, LLC,<br><br>                    Defendant. | Case No:     13-CV-0805 BEN RBB<br><br>**DEFENDANT'S ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Complaint Filed:   April 4, 2013<br>FAC Filed:         January 9, 2014<br>FPTC:              September 29, 2014<br>Trial Date:        TBD |

///
///
///
///
///
///
///
///
///
///

Defendant RECEIVABLES PERFORMANCE MANAGEMENT, LLC ("Defendant") hereby responds on behalf of itself, and no other, to the Amended Class Action Complaint of Plaintiff JOSHUA HALL ("Plaintiff") as follows:

1.      Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, Defendant generally denies each and every allegation contained in the complaint except those expressly admitted below.

2.      Defendant admits the allegations of paragraphs: 7, 10, and 13.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the items set forth in the prayer for relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Bona Fide Error)

Plaintiff's claims are barred as against Defendant by 15 U.S.C. § 1692k(c) and California Civil Code 1788.30(c).

### Second Affirmative Defense

### (Preemption)

Plaintiff's state law claims are barred as against Defendant by federal statutes, including 15 U.S.C. § 1692 et seq.

### Third Affirmative Defense

### (Exhaustion of Administrative Remedies)

Plaintiff's Amended Complaint is barred due to his failure to exhaust his administrative remedies.

### Fourth Affirmative Defense

### (Improper Request for Statutory Damages)

Plaintiff's Amended Complaint does not allege facts sufficient to rise to the level of conduct required to recover statutory damages under Civil Code § 1788.30 and thus all requests for statutory damages there under are improper.

DEFENDANT'S ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**Fifth Affirmative Defense**

(Statute of Limitations)

Defendant is informed and believes and thereon alleged that the applicable statutes of limitation bar all claims for relief in the Amended Complaint.

**Sixth Affirmative Defense**

(Contributory/Comparative Fault)

Defendant is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff and resulted from Plaintiff's own negligence, which equaled or exceeded any alleged negligence or wrongdoing by Defendant.

**Seventh Affirmative Defense**

(Failure to Mitigate)

The damages claimed by Plaintiff could have been mitigated with due diligence or by one acting under similar circumstances.  Plaintiff's failure to mitigate is a bar to recovery under the Amended Complaint.

**Eighth Affirmative Defense**

(Estoppel)

The Amended Complaint and each of its purported claims for relief are barred by the doctrine of estoppel.

**Ninth Affirmative Defense**

(Laches)

The Amended Complaint and each of its purported claims for relief are barred by the doctrine of laches.

**Tenth Affirmative Defense**

(Unclean Hands)

The Amended Complaint and each of its purported claims for relief are barred by the doctrine of unclean hands.  Plaintiff's Amended Complaint does not contend that the subject debt is not owed, nor that the subject debt has been satisfied.  As such, Plaintiff is

DEFENDANT'S ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

in breach of the agreement with the credit originator, and but for the breach of that agreement Defendant would not have communicated with Plaintiff.

## Eleventh Affirmative Defense

### (Waiver)

The Amended Complaint and each of its purported claims for relief are barred by the doctrine of waiver.

## Twelfth Affirmative Defense

### (Good Faith)

Defendant alleges that at all times it acted in good faith and with good cause. The conduct of Defendant was within the reasonable expectations of the parties and was reasonably related to Defendant's legitimate business interests upon the basis of reasonable factors.

## Thirteenth Affirmative Defense

### (Failure to State a Claim)

The Amended Complaint fails to state facts sufficient to constitute a cause of action against Defendant relative to the content of the alleged communications and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever, from Defendant.

## Fourteenth Affirmative Defense

### (Joinder)

Defendant is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the result of the acts or omissions of third persons over whom Defendant had neither control nor responsibility, and whom Plaintiff has failed to name in this action.

## Fifteenth Affirmative Defense

### (Due Process)

Plaintiffs' Prayer for statutory damages is excessive, in violation for the Due Process Clause of the Constitution.

## Sixteenth Affirmative Defense

### (Unclean Hands)

The Amended Complaint and each of its purported claims for relief are barred by the doctrine of unclean hands.  Plaintiff failed to provide Defendant, and on information and belief, the credit originator, with his updated contact information.  As such, Plaintiff is in breach of the agreement with the credit originator, and but for the breach of that agreement Defendant would not have communicated with Plaintiff.

## Seventeenth Affirmative Defense

### (Cal. Civil Code § 1788.21)

Plaintiff's claims under the Rosenthal Act are barred under California Civil Code §§ 1788.21 and 1788.30(g) if Plaintiff failed to advise the creditor of any changes in his name, address or employment within a reasonable time after those changes.

## Eighteenth Affirmative Defense

### (Cal. Civil Code §§ 1788.20(a) and 1788.30(g))

Plaintiff's claims under the Rosenthal Act are barred under California Civil Code §§ 1788.20(a) and 1788.30(g) if Plaintiff obtained some or all of the credit alleged in the Amended Complaint without the intention to pay those obligations in accordance with the terms and conditions of his credit agreement.

## Nineteenth Affirmative Defense

### (Cal. Civil Code §§ 1788.20(a) and 1788.30(g))

Plaintiff's claims under the Rosenthal Act are barred under California Civil Code §§ 1788.20(a) and 1788.30(g) if Plaintiff obtained some or all of the credit alleged in the Amended Complaint without the knowledge that there was no reasonable probability of his being able to pay those obligations in accordance with the terms and conditions of his credit agreement.

///

DEFENDANT'S ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**Twentieth Affirmative Defense**

(Cal. Civil Code §§ 1788.20(b) and 1788.30(g))

Plaintiff's claims under the Rosenthal Act are barred under California Civil Code §§ 1788.20(b) and 1788.30(g) if Plaintiff obtained some or all of the credit alleged in the Amended Complaint by knowingly submitting false or inaccurate information to the credit issuer or by willfully concealing adverse information bearing upon his credit worthiness, credit standing, or credit capacity.

**Twenty-First Affirmative Defense**

(Reserved Affirmative Defenses)

Defendant alleges that the Amended Complaint does not describe the alleged actions with sufficient particularity to permit it to ascertain what other defenses may exist at this time. Defendant therefore reserves the right to assert all defenses that may pertain to the Complaint as the facts of the case are discovered.

**WHEREFORE**, Defendant prays as follows:

1.     Plaintiff takes nothing by way of his Amended Complaint herein and that this action is dismissed in its entirety;

2.     For Defendant's attorneys' fees and costs incurred herein;

3.     For such other relief as the Court may deem just and proper.


DATED:  January 24, 2014                    **FOLEY & MANSFIELD, PLLP**


                                            By: */s/ Sean P. Flynn*
                                            Sean P. Flynn
                                            M. Amadea Groseclose
                                            Attorneys for Defendant
                                            **RECEIVABLES PERFORMANCE
                                            MANAGEMENT, LLC**

DEFENDANT'S ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1

## **DEMAND FOR JURY TRIAL**

2

3       PLEASE TAKE NOTICE that defendant RECEIVABLES PERFORMANCE

4  MANAGEMENT, LLC hereby demands a trial by jury in this action.

5

6  DATED: January 24, 2014               **FOLEY & MANSFIELD, PLLP**

7

8                                  By: */s/ Sean P. Flynn*
                                        Sean P. Flynn
9                                       M. Amadea Groseclose
                                        Attorneys for Defendant
10                                      **RECEIVABLES PERFORMANCE
                                        MANAGEMENT, LLC**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL